1

2

3

4          UNITED STATES DISTRICT COURT

5        NORTHERN DISTRICT OF CALIFORNIA

6                 EUREKA DIVISION

7

8    ROBERT L. DAVIS,                      Case No.  19-cv-03714-RMI

9              Plaintiff,

10        v.                               **ORDER ON CROSS MOTIONS FOR
                                           SUMMARY JUDGMENT**
11    ANDREW M. SAUL,                      Re: Dkt. Nos. 16, 18

12              Defendant.

13

14        Plaintiff, Robert Davis, seeks judicial review of an administrative law judge ("ALJ")

15   decision denying his application for supplemental security income under Title XVI of the Social

16   Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the

17   Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social

18   Security which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have

19   consented to the jurisdiction of a magistrate judge (dkts. 8 & 10), both parties have moved for

20   summary judgment (dkts. 16 & 18), and both parties seek a remand to the ALJ. While Plaintiff

21   seeks remand for the immediate calculation and payment of benefits, Defendant seeks a remand

22   for further proceedings.

23                            **LEGAL STANDARDS**

24        The decision whether to remand for further proceedings or for payment of benefits

25   generally turns on the likely utility of further proceedings. *Carmickle v. Comm'r, SSA*, 533 F.3d

26   1155, 1169 (9th Cir. 2008). A district court may "direct an award of benefits where the record has

27   been fully developed and where further administrative proceedings would serve no useful

28   purpose." *Smolen v. Chater*, 80 F.3d 173, 1292 (9th Cir. 1996). Specifically, the Court of Appeals

United States District Court
Northern District of California

for the Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand for an immediate award of benefits would be appropriate when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and, (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. The second and third prongs of the test often merge into a single question; that is, whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id*. at 1178 n.2; *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (when all three conditions of the credit as true rule are satisfied, and a careful review of the record discloses no reason to seriously doubt that a claimant is, in fact, disabled, a remand for a calculation and award of benefits is required).

## DISCUSSION

Plaintiff protectively filed an application for supplemental security income on October 18, 2016, alleging an onset date of October 28, 2016. *See* Administrative Record "*AR*" at 16.[1] The ALJ denied Plaintiff's application on February 6, 2019. *Id*. at 25. The Appeals Council denied Plaintiff's request for review on June 4, 2019. *Id*. at 1-4. Thereafter, Plaintiff sought review in this court. *See* Compl. (dkt. 1). Plaintiff now raises eight issues and contends that the ALJ erred in the following respects: (1) by incorrectly analyzing the severity of Plaintiff's impairments at Step Two; (2) by incorrectly evaluating the medical opinion evidence; (3) by failing to apply the Medical Vocational Guidelines; (4) by incorrectly determining that Plaintiff's condition did not meet or equal at least one listing; (5) by incorrectly evaluating Plaintiff's credibility; (6) by incorrectly formulating Plaintiff's residual functional capacity ("RFC") and by asking the vocational expert ("VE") improper or incomplete hypothetical questions; and, (7) by erroneously analyzing Plaintiff's condition under the relevant mental health listings – additionally, (8) Plaintiff requests a remand for an immediate award of benefits or, alternatively, for further proceedings.

---

[1] The *AR*, which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #20. *See* (dkts. 13-1 through 13-14).

United States District Court
Northern District of California

1    *See* Pl.'s Mot. (dkt. 16) at 7-21. In response, Defendant confesses error and requests a remand for

2    further proceedings such that the ALJ can "reevaluate the medical evidence and conduct the

3    sequential evaluation beyond step two . . . [because] the ALJ stopped the disability evaluation

4    prematurely." Def.'s Mot. (dkt. 18) at 2-3. Defendant adds that a reversal for an award of benefits

5    is inappropriate and that further proceedings are necessary because "this case is complex and

6    requires analysis of conflicting evidence concerning the severity of Plaintiff's mental impairments

7    and the role of substance abuse in his functioning." *Id*. at 3. Specifically, because "the ALJ

8    determined that Plaintiff's impairments were not severe and thus concluded that Plaintiff was not

9    disabled at step two," Defendant argues that "the ALJ must now be permitted to proceed with the

10   sequential evaluation." *Id*. at 6. Defendant adds that "at the very least, the question of the impact

11   of Plaintiff's substance abuse is significant and requires additional fact finding by the ALJ." *Id*. In

12   essence, Defendant asserts that because the ALJ failed to "make most of the findings required by

13   the sequential disability analysis" from Step Two forward, it would be improper for this court to

14   make those findings in the first instance. *Id*. at 6-7.

15          In reply, Plaintiff submits that the record in this case is fully developed, that further

16   proceedings would serve no useful purpose, and that on remand the ALJ would be required to find

17   Plaintiff disabled. *See* Pl.'s Reply Br. (dkt. 20) at 2-4. By way of sur-reply, Defendant reiterates

18   that further proceedings are necessary because there are a number of outstanding issues that must

19   be resolved by the administrative fact-finder, and that it would be improper for this court to

20   undertake the virtual entirety of the sequential evaluation process in the first instance. *See* Def.'s

21   Reply Br. (dkt. 22) at 2-4.

22   ***Nature of Remand***

23          The decision whether to remand for further proceedings or for immediate payment of

24   benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.

25   2000), *cert. denied*, 531 U.S. 1038 (2000). It is important to note that the credit-as-true analysis is

26   undertaken only to determine if a claimant is, in fact, disabled under the Act. *Strauss v. Comm'r,*

27   *SSA*, 635 F.3d 1135, 1138 (9th Cir. 2011). Thus, a reviewing court should decline to credit

28   testimony and remand for an immediate award of benefits whenever "outstanding issues" require

3

1    further proceedings. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010); *see also Garrison*,

2    759 F.3d at 1020. Even where all the conditions for the credit-as-true rule are met, courts retain

3    "flexibility to remand for further proceedings when the record as a whole creates serious doubt as

4    to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. at

5    1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court

6    concludes that further administrative proceedings would serve no useful purpose, it may not

7    remand with a direction to provide benefits."); *Treichler v. Commissioner of Social Sec. Admin.*,

8    775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is

9    uncertain and ambiguous, the proper approach is to remand the case to the agency."); *Connett v.*

10    *Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there

11    were insufficient findings as to whether plaintiff's testimony should be credited as true);

12    *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (remanding for further proceedings

13    because the ALJ was in a better position than a reviewing court to point to pertinent evidence in

14    record).

15          Here, as Defendant correctly notes, due to the nature of the ALJ's error, which occurred

16    near the outset of the sequential evaluation process, acceding to Plaintiff's request and remanding

17    for an immediate award of benefits under the credit-as-true doctrine would require this court to

18    comb the administrative record for pertinent evidence, and to engage the entirety of the sequential

19    evaluation process, with the exception of Step One, in the first instance. A review of the ALJ

20    decision in this case reveals that the ALJ did in fact proceed no further than Step Two. *See AR* at

21    18-24. While the ALJ found that some of Plaintiff's impairments were medically determinable –

22    namely, hypertension, substance abuse, posttraumatic stress disorder ("PTSD"), and anxiety – the

23    ALJ found each of these conditions to be non-severe at Step Two because of the finding that none

24    of these impairments, singly or in combination, "significantly limited" Plaintiff's ability to

25    perform basic work-related activities for 12 consecutive months. *Id*. at 18. The ALJ found that

26    Plaintiff's hypertension was "amenable to proper control by adherence to recommended medical

27    management and medication compliance . . . [but that] he has also reported that he has not been

28    compliant with taking his prescribed medication." *Id*. at 20. Further, the ALJ found that while

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Plaintiff "has reported a long history of alcohol and crack cocaine abuse spanning over 40 years," there was evidence in the record indicating that Plaintiff had discontinued his cocaine use and that his alcohol consumption was more recently limited to "four beers per week," for which reason the ALJ found Plaintiff's history of substance abuse to be non-severe. *Id.* at 20-21. Pointing to indications in the record that Plaintiff may have been noncompliant with taking his medications, or with his "failure to follow through with treatment," the ALJ incorrectly found Plaintiff's PTSD, anxiety, and depression to all be non-severe despite the fact that the ALJ noted evidence in the record to the following effect: Plaintiff was subjected to violence as a young child by other children and by his mother; he sustained a gunshot wound when he was the victim of a robbery; he was stabbed during a gang fight; he was purposefully run over by an automobile driven by his wife; he was found by examining physicians to experience nightmares, sleep disturbances, hypervigilance, irritability, paranoia, a negative view of the world, and emotional flatness; he has reported experiencing "derogatory auditory hallucinations"; and, Plaintiff has been described as "not appearing to be responding to internal stimuli." *Id.* at 21. Nevertheless, the ALJ incorrectly found Plaintiff's mental impairments to be non-severe because, on some occasions, treatment providers found him as "appearing normal," or that he was observed on one occasion or another as manifesting a thought process that was coherent. *Id.* Accordingly, Defendant is correct to confess error by agreeing that the ALJ's Step Two determination was not based on substantial evidence.

In any event, the record manifests a number of ambiguities that must be cleared up by further record development. However, as discussed below, the Commissioner should note that it is improper for the ALJ to simply conclude that because of these ambiguities, the disability determination should be resolved against Plaintiff as was the case; rather, it is incumbent on the ALJ to develop the record in a fair and impartial manner. For example, the ALJ noted that the original report of a consultative examiner, Erica Williams, Psy.D., stated that Plaintiff was currently experiencing suicidal ideations, while also stating that he was not experiencing suicidal or homicidal ideations; and, that a revised report by the same examiner noted that Plaintiff was experiencing ongoing passive suicidal ideations. *Id.* at 21. However, instead of contacting the examiner to discover the source of the discrepancy, or to otherwise seek an explanation for the

United States District Court
Northern District of California

1    discrepancy, the ALJ simply seized upon the discrepancy and deployed it as an excuse to discredit

2    the findings of the examiner such to support the ALJ's incorrect non-severity determination. *Id*.

3    Likewise, the ALJ also found that Plaintiff had willingly appeared for a consultative examination

4    by an evaluator arranged for by his own representative, but that he had failed to appear for any of

5    the evaluations that had been arranged by the Social Security Administration. *Id*. Rather than

6    develop the record as to what reasons may have existed for Plaintiff's nonappearance at these

7    scheduled appointments, the ALJ simply seized upon the fact and used it as justification to "call[]

8    into question the reliability of the claimant's statements, particularly in light of the inconsistencies

9    between the statements made to Dr. Williams [about his suicidal ideations] and those reflected

10    elsewhere in the file." *Id*. Once again, rather than to develop the record such that a fair disability

11    determination could be rendered, the ALJ simply used the incompleteness of the record to find that

12    "[t]aken as a whole, the record supports the finding that the claimant's mental impairments are

13    nonsevere." *Id*.

14        Additionally, the ALJ simply rejected the opinion of a consultative examiner, Rose Lewis,

15    M.D., because the opinion was based on an examination that was performed just over a year

16    before the alleged onset date listed in Plaintiff's disability application. *Id*. at 24. Once again, while

17    Dr. Lewis had opined that many of Plaintiff's limitations were rooted in Plaintiff's alcohol abuse,

18    the ALJ partially premised the rejection of this opinion on the notion that Dr. Lewis "did not

19    comment on what those limitations would be when the claimant is not inebriated." *Id*. Likewise, as

20    to Dr. Lewis noting Plaintiff's decreased range of motion in the right upper extremity on physical

21    examination, the ALJ partially premised rejecting this opinion on the notion that Dr. Lewis "did

22    not propose a corresponding diagnosis." *Id*. Again, rather than venturing to develop the record by

23    contacting or subpoenaing Dr. Lewis such as to answer some of these questions, the ALJ merely

24    seized upon these gaps in the record to resolve the case against Plaintiff. That said, these are gaps

25    or inconsistencies that must be resolved in the administrative agency context, rather than on

26    review in this court.

27        Further, the ALJ also gave little weight to the opinion of Kyle Van Gaasbeek, Psy.D.,

28    because the opinion was based on an evaluation from the year prior to Plaintiff's alleged onset

United States District Court
Northern District of California

1    date. *Id*. However, rather than contacting Dr. Gaasbeek to inquire about the continued validity of

2    his opinion, the ALJ simply used this ambiguity against Plaintiff and found that the opinion

3    "provides little guidance to the issues relevant to this decision." *Id*. Incidentally, Dr. Gaasbeek had

4    found that Plaintiff was incapable of managing his own funds, and that he was markedly impaired

5    in the following areas: interacting with others; maintaining regular attendance; completing a

6    normal workday without undue interruptions from psychologically based symptoms; and, dealing

7    with ordinary workplace sources of stress. *Id*. Again, record development is necessary in that the

8    first-instance factfinder – the ALJ – needs to contact Dr. Gaasbeek to inquire about the continued

9    validity of his opinion as it relates to the relevant disability period.

10        In seeking an application of the credit-as-true doctrine, Plaintiff argues that if the ALJ had

11   properly weighed Dr. Gaasbeek's opinion, "he would have found that Mr. Davis met a listing,"

12   however, Plaintiff neither specifies any particular listing in the course of asserting this argument,

13   nor does Plaintiff concede that due to the fact that the opinion was rendered more than a year

14   before the alleged onset date – at the very least – the ALJ or Plaintiff's counsel needs to contact

15   Dr. Gaasbeek to inquire about the continued validity of his opinion. *See* Pl.'s Mot. (dkt. 16) at 8-9.

16   Likewise, in the case of Dr. Lewis's opinion, which also predated the alleged onset date by more

17   than a year, Plaintiff contends that if the ALJ had incorporated even a fraction of the opined

18   limitations into the RFC, Plaintiff would have been found disabled under the Medical Vocational

19   Guidelines. *Id*. at 9-10. However, this assertion overlooks the fact that the ALJ never formulated

20   any RFC at all because he found Plaintiff to be not disabled at Step Two. Furthermore, Plaintiff's

21   argument appears to concede that there is some ambiguity in Dr. Lewis's medical source

22   statement, as a result of which, to put it in Plaintiff's own words, "the ALJ's duty to develop the

23   record is triggered." *Id*. at 10.

24        Based on the above-described ambiguities and potential inconsistencies in the state of the

25   record, the court is unable to conclude that further administrative proceedings would serve no

26   useful purpose, or that this record clearly demonstrates that Plaintiff is, in fact, disabled within the

27   meaning of the Social Security Act. Thus, the case must be remanded for further proceedings.

28        On remand, the Commissioner is cautioned to be mindful of the fact that the Step Two

1    inquiry is merely a threshold device to screen out patently groundless claims and to determine

2    whether a claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d

3    1071, 1076 (9th Cir. 2007); *see also Smolen*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting the Step

4    Two determination is a *de minimis* screening device used to dispose of groundless claims).

5    Additionally, the court will remind the Commissioner that for this reason, "[a]mple authority

6    cautions against a determination of nondisability at step two." *Ortiz v. Commissioner of Social*

7    *Sec.*, 425 F. App'x 653, 655 (9th Cir. 2011) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987);

8    *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), *Smolen*, 80 F.3d at 1290. Thus, an

9    impairment or combination of impairments may be found "not severe only if the evidence

10   establishes a slight abnormality that has no more than a minimal effect on an individual's ability to

11   work." *Id.* at 1290. Even on the poorly developed state of this record, as the Commissioner has

12   conceded, the ALJ's non-severity determinations at Step Two were not supported by substantial

13   evidence.

14           Furthermore, on remand, the Commissioner is reminded of his obligation to take

15   appropriate measures to discharge his duty to properly develop the record such that a fair decision

16   can be rendered on Plaintiff's claims. While it is true that it is incumbent on claimants to provide

17   sufficient medical evidence of one or more disabling impairments, it has "long [been] recognized

18   that the ALJ is not a mere umpire at [an administrative proceeding], but has an independent duty

19   to fully develop the record[.]" *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992, as amended

20   Sept. 17, 1992) (*per curiam*); *see also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social

21   Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the

22   facts and develop the arguments both for and against granting benefits[.]"). As part of this duty,

23   the ALJ has an obligation to take reasonable steps to ensure that issues and questions raised by

24   medical evidence, particularly evidence from treating physicians, are addressed so that the

25   disability determination is fairly made on a sufficient record of information, be it favorable or

26   unfavorable to the claimant. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999); and, *Cox v.*

27   *Califano*, 587 F.2d 988, 991 (9th Cir. 1978); *see also* 42 U.S.C. § 421(h).

28           Thus, the ALJ has not only the power, but the duty, to "conduct an appropriate inquiry" if

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1    the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's

2    impairments. *Smolen*, 80 F.3d at 1288. If evidence from a medical source is inadequate to

3    determine if the claimant is disabled, it is incumbent upon an ALJ to re-contact the medical

4    source, including a treating physician, to determine if additional needed information is readily

5    available. *See* 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1); *see also Webb*, 433 F.3d at 687 (the

6    duty to supplement the record is triggered by ambiguous evidence or the ALJ's own finding that

7    the record is inadequate). The responsibility to fulfill this duty belongs entirely to the ALJ and it is

8    not part of the claimant's burden. *See e.g., White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001);

9    *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("This duty extends to the

10   represented as well as to the unrepresented claimant . . . The ALJ's duty to develop the record

11   fully is also heightened where the claimant may be mentally ill and thus unable to protect her own

12   interests. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for

13   proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry . . .

14   including: subpoenaing the claimant's physicians, submitting questions to the claimant's

15   physicians, continuing the hearing, or keeping the record open after the hearing to allow

16   supplementation of the record.").

17          In the present case, not only can it not be reasonably contended that the ALJ discharged the

18   "duty to investigate the facts and develop the arguments both for and against granting benefits,"

19   (*Sims*, 530 U.S. 103, 110-11), but instead, the ALJ actively sought out such ambiguities in the

20   record and then deployed them in support of his non-disability finding. As a result, Plaintiff's

21   application, and his potential requirement for much needed benefits, were needlessly delayed for a

22   number of years by the Commissioner's failure to adhere to the above-described standards. Given

23   that the ALJ's grievously inadequate decision was somehow affirmed by the Appeals Council (*see

24   AR* at 1-3), and then became the subject of the Commissioner's confession of error in this court,

25   the resulting delays to Plaintiff's application appear senseless in hindsight. It needs to be noted

26   that the Commissioner is not entitled to repeatedly bounce a case back and forth between the

27   different levels of reviewing tribunals until he eventually applies the proper legal standards to

28   Plaintiff's claims, fairness demands an expeditious review process. To conclude otherwise would

1   give rise to "an unfair 'heads we win; tails, let's play again' system of disability benefits

2   adjudication," which this court will not countenance. *See Benecke v. Barnhart*, 379 F.3d 587, 595

3   (9th Cir. 2004); *see also Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1165 (D. Or. 2015).

4   Consequently, on remand the court strongly recommends that the Commissioner expedite the

5   proceedings such that there can be a speedy and fair determination rendered in regard to Plaintiff's

6   application on a well-developed record in light of the instructions provided herein.

**CONCLUSION**

8        Accordingly, as discussed above, Plaintiff's Motion for Summary Judgment (dkt. 16) is

9   **GRANTED in part** and **DENIED in part**, and Defendants' Motion for Remand (dkt. 18) is

10  **GRANTED**. The case is remanded for further proceedings consistent with the instructions

11  provided herein. Additionally, on remand, the ALJ is instructed to consider the other issues raised

12  in Plaintiff's briefing and to modify the opinion as appropriate. *See Cortes v. Colvin*, No. 2:15-cv-

13  02277-GJS, 2016 U.S. Dist. LEXIS 40580, 2016 WL 1192638, at *4 (C.D. Cal. Mar. 28, 2016);

14  *Cochran v. Berryhill*, No. 3:17-cv-00334-SB, 2017 U.S. Dist. LEXIS 212380, at *21 (D. Or. Dec.

15  28, 2017).

16       **IT IS SO ORDERED.**

17  Dated: June 9, 2020

19

20  ROBERT M. ILLMAN
    United States Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California